

**FILED**
**May 29, 2019**
**01:20 PM(CT)**
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Keith C. Quarles | ) | Docket No.  2018-08-1077 |
| | ) | |
| v. | ) | State File No. 39797-2017 |
| | ) | |
| FedEx Ground Package System, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Deana C. Seymour, Judge | ) | |

---

### Affirmed and Remanded

---

The employee worked for the employer loading and unloading trucks and scanning packages. He alleged suffering gradual injuries to his left knee, right ankle, and right shoulder as a result of his work. The employer denied the claim. After an expedited hearing, the trial court found the employee was unlikely to prevail at trial, and we affirmed that decision. Subsequently, after the employee failed to appear for two hearings, the trial court dismissed the claim without prejudice. The employee refiled his case and, after another expedited hearing, the trial court again concluded the employee was unlikely to prevail at trial and declined to award benefits. The employee has appealed. We affirm the trial court's decision and remand the case.

Presiding Judge Marshall L. Davidson, III, delivered the opinion of the Appeals Board in which Judge David F. Hensley and Judge Timothy W. Conner joined.

Keith C. Quarles, Memphis, Tennessee, employee-appellant, pro se

Byron K. Lindberg, Nashville, Tennessee, for the employer-appellee, FedEx Ground Package System, Inc.

### Memorandum Opinion[1]

Keith Quarles ("Employee") worked as a package handler for FedEx Ground Package System, Inc. ("Employer"), loading, unloading, and scanning packages. He filed

---

[1] "The Appeals Board may, in an effort to secure a just and speedy determination of matters on appeal and with the concurrence of all judges, decide an appeal by an abbreviated order or by memorandum opinion, whichever the Appeals Board deems appropriate, in cases that are not legally and/or factually novel or complex." Appeals Bd. Prac. & Proc. § 1.3.

a claim for workers' compensation benefits alleging gradual injuries to his right shoulder, right ankle, and left knee, asserting a date of injury of November 8, 2016.

In support of his claim, Employee submitted a C-32 Standard Form Medical Report filled out by Dr. Richard Hillesheim. Dr. Hillesheim's C-32 report reflects that the employment was primarily responsible for the need for medical treatment but that Employee's injuries did not involve the aggravation of a pre-existing condition. There is no dispute that Employee's complaints do not stem from a specific, acute event. As a result, the trial court concluded Dr. Hillesheim's opinion was internally inconsistent and entitled to little or no weight. Furthermore, Dr. Hillesheim's C-32 report addressed only the knee complaints. Employee presented no medical opinion regarding the cause of his shoulder and ankle complaints.[2]

The medical records contained in the record indicate Employee received treatment for his shoulder beginning as early as 1998, and he made complaints of right ankle pain following a car accident in 2015. Specifically, he reported to the emergency room that he injured his ankle stomping on the brake to try to avoid a collision. There is no mention in any of the medical records of a work-related cause of his ankle complaints. The medical records relating to Employee's knee complaints reflect that he suffers from osteoarthritis and that he has experienced symptoms for several years. None of the records reflect that his knee condition is causally related to his employment.

Employee filed a petition for benefits, and the parties participated in an expedited hearing. The trial court concluded the medical proof was insufficient to establish Employee would likely prevail at trial and declined to award benefits. We affirmed that decision on appeal. *See Quarles v. FedEx Ground*, No. 2017-08-1170, 2018 TN Wrk. Comp. App. Bd. LEXIS 35 (Tenn. Workers' Comp. App. Bd. Aug. 3, 2018). Thereafter, the trial court scheduled two hearings, but Employee failed to participate in either one. As a result, the court dismissed Employee's claim without prejudice. Thereafter, Employee refiled his petition, and the parties participated in another expedited hearing. Finding the medical proof to be insufficient, the trial court again concluded Employee was unlikely to prevail at trial and declined to order Employer to pay benefits. Employee has again appealed.

On appeal, there is a presumption that the "findings and conclusions of the workers' compensation judge are correct, unless the preponderance of the evidence is

---

[2] Employee has requested that we consider a C-32 report completed by a physician other than Dr. Hilleshiem. We decline to do so, as this document was not presented to the trial court for its consideration. *See Hadzic v. Averitt Express*, No. 2014-02-0064, 2015 TN Wrk. Comp. App. Bd. LEXIS 14, at *13 n.4 (Tenn. Workers' Comp. App. Bd. May 18, 2015).

otherwise." Tenn. Code Ann. § 50-6-239(c)(7) (2018).[3] Our review of the evidence supports the decision of the trial court. Employee has a lengthy history of right shoulder complaints unrelated to a November 8, 2016 date of injury, and he has submitted no medical proof that his employment worsened his shoulder complaints, caused a new injury, or caused an aggravation of a pre-existing condition. Likewise, he has submitted no medical proof that his ankle complaints are in any way connected to his employment. To the contrary, he was in a motor vehicle accident in 2015, at which time he reported ankle complaints from stomping on the brake in an effort to avoid the collision. The trial court did not err in declining to order workers' compensation benefits for these injuries.

Regarding Employee's left knee complaints, the trial court found the expert medical proof to be internally inconsistent and declined to give it any weight. We agree that Dr. Hilleshiem's opinions are vague and contradictory and are insufficient to support a finding that Employee is likely to prevail at trial. This is particularly true in light of the medical evidence indicating Employee has a degenerative condition in his left knee, and there is no other medical evidence linking his condition to his employment. In short, the evidence does not preponderate against the trial court's conclusion that Employee is unlikely to prevail at trial in establishing his entitlement to workers' compensation benefits.

Finally, while Employee has pointed out what he perceives to be factual errors, he has made no meaningful argument to explain any legal errors he believes the trial court may have made. As stated by the Tennessee Supreme Court, "[i]t is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her." *Sneed v. Bd. of Prof'l Responsibility of the Sup. Ct. of Tenn.*, 301 S.W.3d 603, 615 (Tenn. 2010). Indeed, were we to search the record for possible errors and raise issues and arguments for Employee, we would be acting as his counsel, which the law prohibits.

For the foregoing reasons, we affirm the decision of the trial court and remand the case.

---

[3] Employer cites Tennessee Code Annotated section 50-6-217(a)(3) (2016) (repealed 2017) in support of its position on appeal. Section 50-6-217(a)(3) authorized us to reverse or modify a trial court's decision if the rights of a party were prejudiced because the findings of the trial judge were "not supported by evidence that is both substantial and material in light of the entire record." However, as we have noted on numerous occasions, this code section was repealed effective May 9, 2017. Consequently, as noted above, the standard we apply in reviewing the trial court's decision presumes that the trial judge's factual findings are correct unless the preponderance of the evidence is otherwise. *See, e.g.*, *Miller v. Logan's Roadhouse, Inc.*, No. 2018-06-0225, 2018 TN Wrk Comp. App. Bd. LEXIS 59, at *7 (Tenn. Workers' Comp. App. Bd. Nov. 15, 2018).



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Keith C. Quarles | ) | Docket No. 2018-08-1077 |
| | ) | |
| v. | ) | State File No. 39797-2017 |
| | ) | |
| FedEx Ground Package System, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Deana C. Seymour, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 29th day of May, 2019.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Sent to: |
|---|---|---|---|---|---|---|
| Keith Quarles | | X | | | X | 255 N. Lauderdale #908 Memphis, TN 38105 kcq3@netzero.net |
| Byron Lindberg | | | | | X | blindberg@hallboothsmith.com tthompson@hallboothsmith.com |
| Deana C. Seymour, Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | penny.patterson-shrum@tn.gov |

Matthew Salyer
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov